WILLIAM A. PILSBURY *vs.* JOHN WEBB, jun.

A servant, taking away his master's goods, upon leaving his service, is guilty of an unlawful taking, which is, of itself, a conversion, for which an action will lie, without any previous demand. After such a taking, his possession is not that of a servant, but of a wrongdoer.

Where a bailee carries away the goods bailed, without the consent of the bailor, and keeps the same, the taking or removal is tortious, and replevin will lie.

THIS is an appeal from an order made at a special term, granting the defendant's motion for a new trial. The action was replevin, for a buggy. The answer was a general denial. The plaintiff proved that he bought out the shop

of the defendant, at West Bloomfield, with his materials and stock as a wagon maker, in the spring of 1853, and after that, the defendant worked for the plaintiff, as his servant or laborer, for wages. The buggy in question was made for William Pilsbury, in the plaintiff's blacksmith's shop, by agreement, which was consummated by the defendant, as foreman in the shop for the plaintiff. William Pilsbury furnished some of the materials, and the defendant and others worked upon it. This buggy, with seven others, was made by the plaintiff, in April, 1855, and remained in the shop of the plaintiff till it was removed by the defendant. The defendant took it away in the same month of April, from the plaintiff's shop, after it was done, to LeRoy, Genesee county; went away himself and kept the property until it was replevied in this action. The court charged, among other things, that if the defendant was the servant of the plaintiff he had no such possession as would require a demand by the plaintiff before bringing this action, to which instruction the defendant's counsel excepted. A new trial was ordered, solely on the ground that this part of the charge was erroneous.

*M. S. Newton,* for the appellant.

*Smith & Lapham,* for the respondent.

*By the Court,* JOHNSON, J. The possession by the servant, of the goods of the master, while the employment continues, is the possession of the master, and not of the servant. The servant as such, has no possession, and no interest in the goods. When the servant quits the employ of the master, if he takes away the master's goods without his consent, it is a conversion, for which an action will lie. The taking under such circumstances being a conversion, of course no demand is necessary before bringing the action. The servant is not like a bailee, who has a special property in the subject of the bailment, and a right of possession, which he can

maintain, even against the general owner, so long as the bailment continues and the bailee keeps himself within it. But even in the case of a bailment, where the possession is out of the owner, if the bailee misuse the property, in contravention of the trust, it is a conversion for which an action will lie. (*Edwards on Bailments*, 114, 313.) For instance, if one hire a horse to go to a particular place and go beyond, it is a conversion, although his possession, in the first instance, was lawful. (*Story on Bailments*, § 413. *Rotch* v. *Hawes*, 12 *Pick.* 134. *Wheelock* v. *Wheelright*, 5 *Mass. Rep.* 104.) This being the rule in regard to bailees, it would seem to be very clear that a servant taking the master's goods away upon leaving his service, is guilty of an unlawful taking, which is of itself a conversion. After that, his possession is not that of a servant, but of a wrongdoer. Even if the defendant was a bailee and not a servant of the plaintiff, the taking or removal, under the circumstances, would, I think, be tortious.

The judge was not asked to submit the question to the jury, whether the buggy wagon in question was not made by the defendant on his own account, and as his own property: and, upon the evidence, I think there was no such question in the case for submission. I am of the opinion, therefore, that the judge at the circuit was right, and that the order granting a new trial at special term should be reversed.

[MONROE GENERAL TERM, December 3, 1860. *Smith, Knox* and *Johnson*, Justices.]